UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JANET J. PIDGE, <br>     Plaintiff, <br><br> v. <br><br> MAURA T. HEALEY, et al., <br>     Defendants. | Civil Action No. <br> 24-11698-NMG |

**MEMORANDUM & ORDER**

GORTON, J.

    Pro se litigant Janet J. Pidge commenced this action by filing a complaint asserting "Federal Civil Rights Act Claims." has filed a complaint against fourteen parties, (Docket # 1 at 5), and motions for leave to proceed in forma pauperis. In an earlier order, the Court allowed the motions for leave to proceed in forma pauperis and directed her to file an amended complaint. (Docket # 13). The Court found that her complaint did not meet basic pleading requirements because it did not set forth a short and plain statement of her claim. She had, instead, simply filed and relied on numerous documents related to her communications with or concerning the defendants.

    In response to the Court's order, Pidge filed an amended complaint consisting of fifteen pages of factual allegations and 245 pages of exhibits. (Docket # 15). Upon review of the amended complaint, the Court finds that this action is subject

to dismissal because it does not state a claim arising under federal law upon which relief can be granted.

I. Jurisdiction

"Federal courts are courts of limited jurisdiction. They cannot act in the absence of subject matter jurisdiction, and they have a sua sponte duty to confirm the existence of jurisdiction in the face of apparent jurisdictional defects." United States v. Univ. of Mass. Worcester, 812 F.3d 35, 44 (1st Cir. 2016). Federal district courts have original jurisdiction over civil actions arising under federal law. See 28 U.S.C. § 1331. Federal district courts also have original jurisdiction over claims between parties who are "citizens" (or domiciled) in different states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("§ 1332"). However, for jurisdiction to exist under § 1332, the plaintiff cannot be domiciled in the same state as any defendant, see Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996), a requirement that is not met in this action. Thus, in reviewing the sufficiency of the amended complaint, the Court considers whether Pidge has stated a claim under federal law.

II. Standard of Review

A pleading is subject to dismissal for failure to state a claim upon which relief can be granted if the underlying allegations do not "state a claim to relief that is plausible on

2

its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009).

In evaluating the sufficiency of the amended complaint, the Court considers only "well-pleaded" factual allegations. Factual allegations that consist merely of "labels and conclusions" are not credited. Twombly, 550 U.S. at 555. Similarly, "'naked assertion[s]' devoid of 'further factual enhancement'" do not suffice. Iqbal, 556 U.S. at 678 (alteration in original) (quoting Twombly, 550 U.S. at 557). A court must dismiss a complaint if the pleading "does not set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" U.S. ex rel. Hutcheson v. Blackstone Med., Inc., 647 F.3d 377, 384 (1st Cir. 2011) (quoting Gagliardi v. Sullivan, 513 F.3d 301, 305 (1st Cir. 2008)).

## III. Standing and Representation

In determining whether the amended complaint adequately states a claim under federal law, the Court cannot consider any claims that Pidge does not have standing to bring. Pidge does

3

not have standing to assert the claims for injuries suffered by others. See Bingham v. Massachusetts, 616 F.3d 1, 5 (1st Cir. 2010). To the extent that Pidge is bringing claims based on injuries suffered by others, she cannot do so. A sizeable portion of the amended complaint concerns alleged government action or inaction that Pidge believes contributed to the death of her sister. Without doubting that the death of her sister could have been traumatic to Pidge, Pidge does not have standing to bring claims based solely on injury her sister suffered.

Further, although she has a right to represent herself, Pidge cannot represent any other party, including the estate of her deceased sister. See 28 U.S.C. § 1654; Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982); LR 83.5.5(b), (c) (D. Mass.).

### IV. Section 1983

Pidge does not identify the federal law under which she brings this action. The Court assumes that Pidge is asserting claims under 42 U.S.C. § 1983 ("§ 1983"), which provides that any "person," acting under the color of state law, who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983.

To state a § 1983 claim, a plaintiff must allege (1) that the conduct complained of was committed by a "person" acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the United States Constitution or other federal law. Cepero-Rivera v. Fagundo, 414 F.3d 124, 129 (1st Cir. 2005). "It is well-established that 'only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable.'" Velez-Rivera v. Agosto-Alicea, 437 F.3d 146, 156 (1st Cir. 2006) (quoting Cepero-Rivera, 414 F.3d at 129

A.  **Failure to Plead a Violation of Federal Rights**

Here, Pidge's amended complaint fails to state a claim under § 1983 because none of the facts stated in the amended complaint plausibly state that the defendants violated her federal rights. Pidge alleges that multiple state officials refused or did not respond to her requests to address her concerns or that they failed to provide assistance to which Pidge believes she was entitled by law. See, e.g., Amend. Compl. at 4 ¶ 2 (stating that the Mayor of Newton "knew" that Pidge and her sister "were victims of abuse while being denied constituent service, police, and court protection"); id. at 5 ¶ 3 ("Emergency meet request to former Attorney General Muara Healy were repeatedly denied."); id. at 8 ¶ 6 ("Senator Markey promised to have Sr. Advisor & State Director Jim Cantwell

5

handle [Pidge's] case matters that never happened."); id. at 12 ¶ 10 (stating that Mayor Wu "refused to investigate police corruption and provide constituent service," and that she is "abusing her position of power"). However, this type of alleged misconduct does not constitute a violation of federal law. The alleged failure of government officials to fulfill their duties does not, on its own, violate a federal right. Indeed, any allegations that the defendants prevented the prosecution of those whom Pidge believes is responsible for her sister's death fails to state a claim. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

### B.  Private Parties

Pidge names four private parties as defendants: "The Bradford" (Pidge's former residence); Private Investigator Jeffrey D. Lasseter, "Toll Brothers" and "Toll Brothers Corporate Office." Amend. Compl. at 10 ¶ 9, 13-14 ¶¶ 12-14. Because Pidge has not made any allegations showing that those parties were acting under color of state law, the § 1983 claims against them fail.

### V. Conclusion

Because Pidge has failed to state a plausible claim arising under federal law, the Court lacks original jurisdiction over this action.

Accordingly, this action is DISMISSED without prejudice as to any claims arising under state law.

**So ordered.**

                                            /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated: 02/19/2025